[No. 12980. Department One. — October 23, 1890.]

WILLIAM GRIFFITHS, APPELLANT, *v.* A. J. GA-LINDO, RESPONDENT.

DEDICATION OF STREET — INTENTION. — The question of the dedication of a street is one of intention, to be determined by the acts of the owner.

ID. — OFFER OF DEDICATION — SURVEY — SALES OF LOTS WITH REFERENCE TO STREETS — RECORD OF MAP AFTER SALE AND BEFORE DEED. — When the owner of a tract of land has it surveyed and laid off into lots and streets, which are designated on a map, with reference to which sales of lots are made at auction, running to the centers of the streets designated on the map, and which are designated in the deeds as streets, the deeds referring to the map, which is placed on record after the sale and before the conveyances, there is a complete offer of dedication of the streets by the owner of the land.

ID. — DEEDS TO CENTERS OF STREETS — EASEMENT OF HIGHWAY — WITH-DRAWAL OF OFFER. — The conveyances of the lots by number as designated on the map, and referring to the map and survey on record,

though the lots are described by metes and bounds in the conveyances as extending to the centers of the streets, only convey the legal title to one half of the streets, subject to the right of the public to use them as a highway; and the conveyances do not operate as a withdrawal of the offer of dedication by the owner of the land.

ID. — ACCEPTANCE BY PUBLIC — ORDER OPENING STREET — REMOVAL OF OBSTRUCTIONS BY ROAD OVERSEER — TRESPASS. — There being no act shown on the part of the owner of the land withdrawing the offer of dedication, the public authorities may accept the offer by entering an order designating any one of the streets as a public highway, and ordering it to be opened and obstructions removed; and when the road overseer in complying with such order removes a fence erected along the center of such street by a lot-owner, he is not liable to the lot-owner as a trespasser.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*G. W. Bowie,* and *H. A. Powell,* for Appellant.

It requires stronger proof of dedication in the case of roads in the country than of streets and lanes in a town or city. (*Harding* v. *Jasper,* 14 Cal. 642.) The dedication must be clearly shown, and must be irrevocable. (*San Francisco* v. *Canavan,* 42 Cal. 541; *Hayward* v. *Manzer,* 70 Cal. 476.) There was no dedication at the time of the sale, the map not being recorded or filed. (*People* v. *Reed,* 81 Cal. 70; 15 Am. St. Rep. 22; *Phillips* v. *Day,* 82 Cal. 24.) The conveyance by metes and bounds was a complete revocation of the offer. (*City of Eureka* v. *Croghan,* 81 Cal. 524.)

*W. S. Tinning,* for Respondent.

Dedication is a question of intention. (*Harding* v. *Jasper,* 14 Cal. 647.) If the public had the right of travel, the appellant had no right to obstruct the avenue. (*Sherman* v. *Buick,* 32 Cal. 241; 91 Am. Dec. 577.) Laying out a tract into lots bounded on streets, and selling such lots so laid out, is a dedication. (*Stone* v. *Brooks,* 35

Cal. 501; *Cincinnati* v. *White's Lessees*, 6 Pet. 431; *Irwin* v. *Dixon*, 9 How. 31; *United States* v. *Chicago*, 7 How. 196.) And the dedication is the same, whether the lot is bounded by the center of the street or the side of it. (*Matter of Thirty-ninth Street*, 1 Hill, 192; *Kittle* v. *Pfeiffer*, 22 Cal. 489.) No fixed rule can be laid down as to what acts are sufficient to constitute a dedication in every case. It is a conclusion of fact to be drawn from the circumstances of each particular case. (*Harding* v. *Jasper*, 14 Cal. 647; *People* v. *Reed*, 81 Cal. 77; 15 Am. St. Rep. 22; *People* v. *Davidson*, 79 Cal. 166.)

WORKS, J. — This is an action for damages for an alleged trespass upon lands in entering upon the lands of the plaintiff and tearing down a fence situate thereon. The defendant, in his answer, justified, on the ground that the land where the fence was situate was a public street, and the fence an obstruction thereof; that he was road overseer of the district, and under an order of the board of supervisors of the county, removed said fence as an obstruction to the street. The whole question in the case is, whether the land in controversy had been dedicated to and accepted by the proper authorities or by user as a public highway. The owner of an entire tract of land, including the property owned by the plaintiff at the time this action was commenced, caused the same to be surveyed and laid off into lots and streets, and a map to be made thereof. He subsequently sold some of the property at public auction, and the plaintiff became the purchaser of three of these lots. At the time the sale was made, the map had not been filed in the recorder's office, but it was so filed before deeds were made to the purchasers, and the lots purchased by the plaintiff were described as "those certain lots, pieces, and subdivisions of land, being portions of the government or Gwin ranch, in said Contra Costa County, as subdivided, laid out, and surveyed for J. Rosenthal and G. Bates, in Septem-

ber, 1884, by T. A. McMahon, county surveyor, and as per map and survey thereof filed in the office of the county recorder of said county on the eighth day of November, 1884, and which said lots and subdivisions of land are known and therein designated as lot No. forty-six (46), as lot No. forty-seven (47), and lot No. forty-nine (49)."

The deed also described each of these lots separately, by metes and bounds, running to the centers of the streets designated on the map, and designating them as such streets. While, as we have said, this map was not filed in the recorder's office at the time of the sale, it was on the ground at the time, and the attention of all purchasers was called to it, and they were notified that when they purchased the lots designated on the map they purchased and paid for the lands to the centers of the streets designated on the map as bordering on such lots. A number of other persons, besides the plaintiff, became purchasers at the same sale and under like circumstances. The street bordering on the plaintiff's land was used by the public as a street, but not exclusively, or by a great number of people. The plaintiff, claiming that he had bought the land to the center of the street, constructed a fence in the center thereof, and cultivated one half of the street. The board of supervisors ordered the street to be opened, and all obstructions removed. The defendant, as road overseer of the district, and acting under this order, took down plaintiff's fence and removed it from the street; and this is the alleged trespass complained of. The court below found that the land had been dedicated for and accepted as a public street, and found for the defendant. A new trial was denied, and the plaintiff appeals.

The contention of the appellant is, that the map was not filed at the time of the sale, that the streets themselves were sold, the land sold on each side extending to the center of the street on each side, showing that at

that time there was no intention to dedicate the property, or any part of it, for street purposes, and that, by conveying the property, including the streets, the owner withdrew his offer of dedication, if one was made. But, as has been said many times, the question of dedication is one of intention, to be determined from the acts of the owner. (*Harding* v. *Jasper*, 14 Cal. 647; *People* v. *Reed*, 81 Cal. 70; 15 Am. St. Rep. 22.) In this case the acts of the owner show a clear intention to dedicate this and other streets designated on the map. He had the land surveyed, and a map made designating the streets. He made the sales at public auction with reference to the map, and before the deeds were made, and while he was still the owner of the land, caused the map to be filed in the recorder's office, and the descriptions in the deeds referred to such map.

The case differs materially from *People* v. *Reed*, 81 Cal. 70, 15 Am. St. Rep. 22, and other cases cited by the appellant. There was in this case a complete offer of dedication by the owner of the land. No act on his part withdrawing the offer is shown. The public authorities accepted the offer of dedication by entering an order designating the street as a public highway, and ordering it to be opened and obstructions removed. The fact that the specific description of the lots purchased by the plaintiff carried the plaintiff's exterior lines to the centers of the streets does not affect the question. Conceding that the streets existed, he was entitled to a deed to the center of the street, and thereby became the owner of the legal title to one half of the street, subject, however, to the right of the public to use it as a public highway. This was the legal effect of the description of the property by reference to the numbers of the lots. The lots extended to the centers of the streets. Therefore the description by metes and bounds was precisely the same in legal effect as the general description. This is not like the cases referred to and relied upon by the appellant, to the effect that a

conveyance of the whole tract included in the map, without reference to such map, may amount to a withdrawal of the offer to dedicate.   Here the land was not sold in a body, but in separate lots, according to and with reference to the map, and that such sales were not intended to withdraw the offer to dedicate is conclusively shown by the fact that the owner, before conveying the property, made his offer complete and effective by placing the map on file, and making the conveyances with reference to it as such recorded map.

Judgment and order affirmed.

PATERSON, J., and Fox, J., concurred.

Hearing in Bank denied.